**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
ALFONSO GUTIERREZ

                             Plaintiff,                    **ORDER**

                 -against-                             **24-CV-9272 (JW)**

LUIS PINZON and NEW YORK BOOM
SERVICE CORP.

                            Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is plaintiff Alfonso Gutierrez's ("Plaintiff") motion to remand the instant action to the Supreme Court of the State of New York, Bronx County. Dkt. No. 5. For the following reasons Plaintiff's motion is DENIED.

## BACKGROUND

The instant case concerns an accident that occurred on December 18, 2023 at the intersection of West 42nd Street and 9th Avenue. Dkt. No. 1-1, at 6. Plaintiff, a New York resident, alleges that he suffered "serious bodily injuries" when a truck driven by defendant Luis Pinzon, a New Jersey resident, and owned by defendant New York Boom Service Corp, a business incorporated in New Jersey, collided with him. Id., at 7.

Plaintiff initiated the instant case in the Supreme Court of New York, Bronx County on October 30, 2024. Dkt. No. 1-1, at 1. Plaintiff's complaint did not state a specific amount of alleged monetary damages. Dkt. No. 1, at 3. On December 5, 2025, Defendants filed a notice of removal, stating that Plaintiff's settlement demand

1

exceeded "Seventy-Five ($75,000) Thousand Dollars exclusive of interest and costs." Dkt. No. 1, at 3. As a result, the instant action was removed from state court to the Southern District of New York based on diversity jurisdiction. Dkt. No. 1, at 1. On January 3, 2025, Plaintiff filed the instant motion to remand the case to state court. Dkt. No. 5.

## LEGAL STANDARDS

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district ... embracing the place where such action is pending." 28 U.S.C. § 1441(a).

However, when a federal district court does not have jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c); Capital2Market Consulting, LLC v. Camston Wrather, LLC, No. 22-CV-7787 (VM), 2023 WL 2366975, at 4 (S.D.N.Y. Mar. 6, 2023). With a motion to remand, the burden of demonstrating the propriety of removal is on the defendant. Fouad v. Milton Hershey Sch. & Sch. Tr., No. 20-CV-10042 (PAC), 523 F. Supp. 3d 648, 652 (S.D.N.Y. 2021) (citing California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004)). "This burden has been stated as showing a reasonable probability that the jurisdictional amount has been reached." Ma v. United Rentals (N. Am.), Inc., No. 23-CV-1503 (KHP), 678 F. Supp. 3d 412, 414 (S.D.N.Y. 2023) (quoting Robinson v. Berkshire Life Ins. Co. of Am., No. 18-CV-7689 (JPO), 2019 WL 1614831, at *2

(S.D.N.Y. Apr. 16, 2019) (internal quotations omitted). The Court construes all factual allegations in favor of Plaintiff, the party seeking remand. Fouad, 523 F. Supp. 3d at 652.

## DISCUSSION

Under 28 U.S.C. § 1332(a), federal diversity jurisdiction requires both complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. The parties do not dispute that diversity of citizenship exists, the dispute solely concerns the amount in controversy.

Plaintiff's request to remand the instant case to state court is pursuant to 28 U.S.C. § 1447(c). Dkt. No. 7, at 1. To support his request, he makes two arguments. First, Plaintiff argues that Defendants failed to sufficiently "allege facts giving rise to a reasonable inference that the amount in controversy exceeds $75,000." Id. The failure to do so precludes federal jurisdiction for the instant case under 28 U.S.C. § 1332(a). Id., at 4. In response, Defendants argue that, with the combination of the complaint and Plaintiff's settlement demand, they have established that Plaintiff's claim "vastly exceeds the $75,000 threshold," because: (1) the injuries alleged in the complaint could "support an inference of damages exceeding the jurisdictional amount;" (2) Plaintiff's calculation of damages in his settlement demand for lost earnings alone is $81,920.41; and (3) Plaintiff made an initial demand of $950,000 after providing comparable case verdicts ranging from $800,000 to $2,100,000. Dkt. No. 8, at 5-7; Dkt. No. 8-3, at 4-5.

Second, Plaintiff argues that Defendants removal was premature because they failed to use New York Civil Practice Law and Rules ("CPLR") § 3017(c). Dkt. No. 7, at 6. Under CPLR § 3017(c), Defendants could have "request[ed] a supplemental

3

demand" to "obtain the total damages Plaintiff is seeking" but did not. Id. In response, Defendants argue that if they waited to remove until Plaintiff responded to a supplemental demand, their request for removal would be untimely. Dkt. No. 8, at 11.

After reviewing the parties' submissions, the Court finds that removal was proper and denies Plaintiff's motion to remand. Defendants have satisfied their burden and established a "reasonable probability" that Plaintiff's claim exceeds $75,000.00. See Ma, 678 F. Supp. 3d at 414. It is true that a "mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court." Torres v. Merriman, No. 20-CV-3034 (PMH), 2020 WL 1910494, at *2 (S.D.N.Y., 2020). However, Defendants' arguments about the amount in controversy are not "mere conclusory statement[s]," they are instead supported by the Plaintiff's complaint and by Plaintiff's settlement demand.

Although the complaint does not contain a dollar amount, the injuries alleged in the complaint easily support a conclusion that the damages exceed the jurisdictional amount. Plaintiff alleges that his injuries are of a "severe and permanent nature," making him "sick, sore, lame and disabled," where he suffers with "great physical" and "emotional" pain. Dkt. No. 1-1, at 9. Plaintiff further describes significant medical expenses. Id.

Assuming arguendo that the complaint was inconclusive as to the amount in dispute, courts may look to documents "outside the pleadings to other evidence in the record to determine the amount in controversy." Ma, 678 F.Supp.3d at 415 (citing Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010)). Plaintiff's settlement demand letter calculated damages for lost earnings *alone* at $81,920.41," an amount

in excess of the jurisdictional threshold. Id., at 5. Additionally, the settlement demand letter makes a total "good faith" demand of $950,000 after providing comparable case verdicts ranging from $800,000 to $2,100,000. Id., at 8.

## CONCLUSION

Defendants has met their burden of demonstrating by a reasonable probability that jurisdiction is appropriate. For the aforementioned reasons, Plaintiff's motion to remand is DENIED.

SO ORDERED.

DATED:   New York, New York
         June 24, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge